# Cole Schotz P.C.

1325 Avenue of the Americas
19th Floor
New York, NY 10019
212-752-8000   212-752-8393  fax
———
New Jersey
———
Delaware
———
Maryland
———
Texas
———
Florida

Leo V. Leyva
Member
Admitted in NY and NJ

Reply to New York Office
Writer's Direct Line: 646-563-8930
Writer's Direct Fax: 646-563-7930
Writer's E-Mail: lleyva@coleschotz.com

September 11, 2017

**<u>Via ECF and Hand Delivery</u>**

Hon. Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Congregation Beth Joseph Zwi Dushinsky & Eli Katz
v. Secured Asset Management, LLC</u>
Index No: 17-CV-4579 (DLI) (CLP)

Your Honor:

We represent Defendant, Secured Asset Management, LLC ("Secured"), in the above-referenced matter, which was removed from the Supreme Court of the State of New York on August 4, 2017, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

We write pursuant to section IV(A)(2) of Your Honor's individual rules and practices to respectfully request a pre-motion conference to address Secured's anticipated motion to dismiss this action on two independent grounds:  (1) the claims alleged in the Summons with Notice are barred by Judicial Estoppel; and (2) the Summons with Notice has not been followed by a formal Complaint as required by CPLR § 3012(b).

**Background**

This matter arises from a $525,000 commercial mortgage loan (the "Mortgage") issued to Congregation Beth Joseph Zwi Dushinszky (the "Congregation") in 2003.  The Congregation has not made any debt service payments since December, 2009 (an 8-year default). As a result, a commercial foreclosure action was commenced in 2010 by Secured's predecessor, Newboy Holdings, LLC, captioned <u>Newboy Holdings, LLC v. Cong. Beth Joseph Zwi Dushinsky et al.</u>, Supreme Court, Kings County, Index No. 22762/2010 (subsequently amended to <u>Secured Asset LLC v. Cong. Beth Joseph Zwi Dushinsky et al.</u>). Throughout the almost seven (7) year litigation, which included numerous motions and court appearances, the Congregation **never** contested its non-payment of the loan.

52577/0002-14864544v5

Cole Schotz P.C.

Hon. Dora L. Irizarry
September 11, 2017
Page 2

Indeed, a trial was held before the Hon. Carolyn Wade, New York State Supreme Court, Kings County, on January 10, 2017, and Plaintiffs did not produce a single witness to dispute the default, nor did Plaintiffs otherwise deny the default. Rather, the **only** argument that Plaintiffs advanced at trial was that pursuant to paragraph 25 of the Mortgage, Newboy failed to comply with certain notice provisions contained in the loan documents.  By relying on those provisions in its defense, Plaintiffs necessarily agreed that the loan documents are enforceable. In a decision and order dated May 31, 2017, Justice Wade agreed with Plaintiffs' argument, and dismissed the action, holding that Secured failed to prove that Newboy served the requisite notice.  (A true and accurate copy of the Hon. Carolyn Wade's decision and order is attached hereto as Exhibit "A").

**The Summons With Notice**

On July 18, 2017, Plaintiffs commenced the instant action by filing a Summons with Notice in the Supreme Court, Kings County, Index No. 513898/2017 (A true and accurate copy of the Summons with Notice is attached hereto as Exhibit "B").  In a seemingly desperate attempt to stave off another foreclosure action, Plaintiffs now contend the mortgage and note are "unenforceable", which constitutes a complete reversal from their arguments before the New York State Supreme Court.

I.      **Plaintiffs Are Judicially Estopped From Arguing That The Mortgage is Unenforceable**

"The doctrine of judicial estoppel prevents a party from asserting a . . . position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding." Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 118 (2d Cir.2004). "A party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 6 (2d Cir.1999) (internal citations omitted).  Judicial estoppel is invoked to prevent a party from adopting contrary positions because the judicial system cannot tolerate a party playing "fast and loose with the courts".  See Environmental Concern, Inc. v. Larchwood Const. Corp., 101 A.D.2d 591, 594 (2d Dept. 1984) (internal citations omitted).

At no time during the foreclosure action in New York State Court, did Plaintiffs so much as question the enforceability of the Mortgage.  To the contrary, Plaintiffs defended against the foreclosure by seeking to enforce specific provisions of the loan documents.  Indeed, in their post trial submission, Plaintiffs argued that "the mortgage agreement. . .required that [lender] give the defendants a 30-day notice to cure", and "The service of said Notice is a **contracted-for provision**. . ."  (A true and accurate copy of Plaintiffs' post trial submission is attached hereto as Exhibit "C") (emphasis supplied).  Insofar as the Plaintiffs succeeded in the foreclosure action and the State Court adopted their argument that the loan documents are enforceable, they is estopped from now arguing otherwise, and the Summons with Notice must be dismissed.

Cole Schotz P.C.

Hon. Dora L. Irizarry
September 11, 2017
Page 3

## II.    Plaintiffs' Failure To Timely File And Serve A Complaint Requires Dismissal

On August 4, 2017, Secured filed a Notice of Appearance in response to the Summons with Notice, which triggered the Plaintiffs' obligation to serve and file its Complaint within 20 days (August 24, 2017).  (A true and accurate copy of Secured's Notice of Appearance is attached hereto as Exhibit "D").  See CPLR § 3012(b) ("[t]he complaint shall be served within twenty days after service of the notice of appearance.  The court upon motion may dismiss the action if service of the complaint is not made as provided in this subdivision").  In Mecca et al. v. Lennon et. al., 2017 WL 1410790 (E.D.N.Y. April 18, 2017) (Wexler, J.), the Court held:

> Under New York law, a plaintiff in receipt of a [notice of appearance] must complete service within twenty days. Here, service was . . . almost 5 months late. "To avoid dismissal of the action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action." "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court."

Consistent with the above, Plaintiffs were required to serve their Complaint by August 24, 2017, and their failure to do so requires dismissal of their claim.

## Conclusion

For these reasons, Secured respectfully requests that the Court convene a pre-motion conference to address the dismissal of Plaintiffs' Summons with Notice.  We are available at the Court's convenience and thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Leo V. Leyva

Leo V. Leyva

CC:  Mark Illish, Esq., Attorney for Plaintiffs (via electronic filing)